IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| GENE ALLOWAYS * | |
| Plaintiff * | |
| vs. * | |
| MULTISERVE NORTH AMERICA n/k/a * HARSCO METALS NORTH AMERICA | |
| * | |
| Defendant | Case #: RDB-10- CV-3372 |
| * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## **MOTION TO CORRECT MISNOMER**

Now comes Plaintiff, Gene R. Alloways, by and through his attorneys, Milton P. Warren and Matt M. Paavola and Workers' Comp Law Firm, LLC, pursuant to Federal Rule of Civil Procedure 15 (a)(2), (c), and respectfully requests that Plaintiff be granted leave to file Amended Complaint in the above-captioned matter and for grounds states:

1. Plaintiff, Gene R. Alloways, by and through his attorney Matt M. Paavola filed suit and Complaint on or about October 28, 2010, naming Multiserv North America n/k/a Harsco Metals North America, as the Defendant in the above -captioned matter.

2. Plaintiff requests to correct misnomer by correcting "Harsco Metals North America" into 'Harsco Inc.'

3. Plaintiff has attached corrected Amended Complaint and files same herewith.

4. No parties are prejudiced by the correction of the misnomer.

5. The proposed correction of misnomer continues to be based upon the same claim(s) that arose out of the Defendant's conduct as set out and alleged in the original Complaint in the above-captioned case.

6. That the Defendant was served with a copy of the original Complaint prior to the expiration of the applicable statute of limitations in the above-captioned case.

7. That therefore, the Defendant received due notice of this action and will not be prejudiced in defending on the merits.

8. The Defendant knew or should have known that the action would have been brought against it, but for the mistake concerning the proper identify of the Defendant which constitutes a mere misnomer.

9. That the Plaintiff does not attempt to name a 'new party' by correcting misnomer based upon the facts of the case and Plaintiff makes no changes of the facts in the Complaint.

10. Plaintiff specifically incorporates here by reference Plaintiff's Memorandum in Support of Plaintiff's Opposition to Defendant's Motion to Dismiss (see same attached as Exhibit 1).

**WHEREFORE**, Plaintiff, Gene R. Alloways, respectfully requests this Court to issue an Order Granting Plaintiff's Motion to Correct Misnomer.

Respectfully Submitted;

_____/s/_____
Milton P. Warren # 28817
Workers' Comp Law Firm, LLC
2113 Orems Road
Baltimore, Maryland. 21220
(410) 574-8000
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 23rd day of May, 2011, that a copy of the foregoing Plaintiff's Motion to Correct Misnomer was mailed, first class, postage prepaid to: Jason T. Wasserman, Esq., Silverman, Thompson, Slutkin & White, L.L.C., 201 N. Charles Street, Baltimore, Maryland, 21201, attorney for Harso Corporation.

_____/s/_____
Milton P. Warren

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GENE ALLOWAYS | * | |
|    Plaintiff | * | |
| vs. | * | |
| MULTISERVE NORTH AMERICA n/k/a HARSCO METALS NORTH AMERICA | * | |
| | * | |
|    Defendant | | Case #: RDB-10- CV-3372 |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ORDER

Plaintiff's Motion to Correct Misnomer, having been read and considered, along with the responses thereto, it is this _____ day of _____, 2011,

**ORDERED**, that the Motion to Correct Misnomer be and is hereby GRANTED, and it further

**ORDERED**, that the Plaintiff is granted leave to file Amended Complaint reflecting correction of misnomer, the Court accepting same herewith.

_____
JUDGE