IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GENE R. ALLOWAYS,           *

    Plaintiff,                *

       v.                 *        Civil Action No. RDB-10-03372

MULTISERV NORTH AMERICA n/k/a,  *
HARSCO METALS NORTH AMERICA,
                        *

    Defendant.
\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM OPINION

This negligence action arises out of a Complaint brought by Gene R. Alloways ("Plaintiff" or "Alloways") against Multiserv North America n/k/a Harsco Metals North America ("Defendant" or "Harsco").[1] Alloways seeks to recover compensatory damages for severe, painful and permanent injuries sustained while allegedly escaping a "fatal crush injury" under a two thousand pound boom operated by Defendant's agent, servant and/or employee. Pending before this Court is Defendant's Motion to Dismiss (ECF No. 13) pursuant to Rules 12(b)(6)[2] and 17(b) of the Federal Rules of Civil Procedure and Rules 2-202 and 2-322(b) of the Maryland Rules of Civil Procedure. Also pending before this Court are Plaintiff's Motions to Correct Misnomer (ECF No. 16) and to Issue Scheduling Order (ECF No. 21). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, Defendant's Motion to

---

[1] As will be discussed in this Memorandum Opinion, Multiserv North America n/k/a Harsco metals North America is an unincorporated division of Harsco Corporation, as acknowledged by counsel for the Defendant. Mot. to Dismiss at ¶ 6, ECF No. 13. The case caption will be changed to reflect the proper party defendant to be Harsco Corporation.

[2] Defendant refers to Rule 12(b)(7) and 12(b)(6) interchangeably yet does not engage in any analysis under Rule 12(b)(7) and its related cases. This Court will therefore treat this motion under Rule 12(b)(6).

Dismiss (ECF No. 13) is DENIED.  Plaintiff's Motion to Correct Misnomer (ECF No. 16) is GRANTED and Plaintiff's Motion to Issue Scheduling Order (ECF No. 21) is GRANTED.

<u>BACKGROUND</u>

Alloways filed his Complaint against Multiserv North America n/k/a Harsco Metals North America in the Circuit Court for Baltimore County.  Pl.'s Compl., ECF No. 2. Defendant later timely removed this action to this Court on the basis of diversity jurisdiction.[3]  Notice of Removal, ECF No. 1.  As this action is currently before this Court on Defendant's Motion to Dismiss, this Court will accept the factual allegations in Plaintiff's Complaint as true and those facts will be construed in the light most favorable to the Plaintiff.  *See, e.g.,* *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

In the original Complaint, Alloways brings claims against Multiserv North America n/k/a Harsco Metals North America for its agent, servant and/or employees negligence during an incident that occurred on October 29, 2007 in Baltimore County, Maryland.  Pl.'s Compl. at ¶¶ 6-18, ECF No. 2.  On that day, Alloways alleges that he was an employee of and lawfully on the premises of Hot Strip Mill – ISG Sparrows Point located at 5111 North Point Boulevard, Sparrows Point, Maryland 21219.  *Id.* at ¶¶ 6-7.  Alloways claims that he was acting as a maintenance technician mechanic engaged in instructing and directing a crane operator who was an agent, servant and/or employee of the Defendant.  *Id.* at ¶ 7.  He also

---

[3] Defendant states that Multiserv North America n/k/a Harsco Metals North America "resides in Pennsylvania and is an unincorporated division of Harsco Corporation."  Notice of Removal at ¶ 3, ECF No. 1.  Defendant further states that Harsco Corporation "is not a party to this action [but] is a Delaware Corporation with its principal place of business in Camp Hill, Pennsylvania."  *Id.*

alleges that he was instructing and directing the crane operator according to the standard custom of the industry.  *Id.* at ¶ 8.  However, according to Alloways, the crane operator negligently and carelessly either interpreted the hand signals or misguided the crane he was operating causing the boom to go into a "free fall" in Plaintiff's direction.  *Id.*  Alloways alleges that he sustained severe, painful, and permanent injuries when he "dived, tripped and fell in order to escape a fatal crush injury."  *Id.* at ¶ 17.

In support of his negligence claim, Alloways alleges that Defendant had a duty to provide safe conditions for third parties, such as himself, engaged in the crane operations or present in the surrounding area and that Defendant breached that duty.  *Id.* at ¶¶ 12-13.  Alloways also alleges that Defendant's negligence was the sole and proximate cause of his injuries.  *Id.* at ¶ 16.  Moreover, he claims that as a result of Defendant's negligence, he has expended and will continue to expend large sums of money to care for his injuries and therefore claims compensatory damages in the amount of $500,000.00.  *Id.* at ¶ 18.

This action was filed in the Circuit Court for Baltimore County on October 28, 2010– one day prior to the expiration of the three-year statute of limitations.  On December 1, 2010, the Defendant removed this action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.  On April 7, 2011, a representative of "Multiserv North America n/k/a Harsco" filed a Waiver of the Service of Summons (ECF No. 10) reserving all defenses or objections to the lawsuit.  One month later, on May 6, 2011, the Defendant Multiserv North America n/k/a Harsco Metals North America filed the subject Motion to Dismiss (ECF No. 13) raising for the first time the contention that the "named defendant is an unincorporated division of Harsco Corporation that has no tangible assets and no capacity to be sued."

Mot. to Dismiss at ¶ 6, ECF No. 13.  On May 23, 2011, counsel for the Plaintiff filed the subject Motion to Correct Misnomer (ECF No. 16) and his First Amended Complaint (ECF No. 17).  In its motion to dismiss, the Defendant does not challenge the sufficiency of the stated claim, but contends that Alloways should not be given the opportunity to amend his complaint as (a) the three-year statute of limitations has expired, Md. Code, Cts. & Jud. Proc. § 5-101; and (b) amending the complaint would not comport with Rule 15(c) of the Federal Rules of Civil Procedure regarding the relation back of amendments and principles of judicial economy.

STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted; therefore, "the purpose of Rule 12(b)(6) is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."  *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (internal quotation marks and alterations omitted) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)).  A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action" to give the defendant adequate notice of the nature claims against him.  *Twombly*, 550 U.S. at 555.

Pursuant to Rules 8(a) and 15(a) of the Federal Rules of Civil Procedure, simplicity in pleadings and liberal amendments are favored.  Rule 15(c) is understood to freely permit amendment of pleadings and their relation-back for statute of limitations issues as long as the new party had adequate notice within the limitations period and was not prejudiced by being added to the litigation.  *See Goodman v. Praxair, Inc.*, 494 F.3d 458, 467-470 (4th Cir. 2007).

## ANALYSIS

Defendant seeks to dismiss this action because it contends that Multiserv North America n/k/a Harsco Metals North America is "an unincorporated subdivision of Harsco Corporation" and as such lacks the capacity to be sued.  Moreover, Defendant argues that Alloways should not be given the opportunity to amend his complaint to sue Harsco Corporation because the three-year statute of limitations has expired and the amendment would not relate back to the original Complaint as it was not based on a "mistake" within the meaning of the rule.  *See* Md. Code, Cts. & Jud. Proc. § 5-101 and Fed. R. Civ. P. 15(c).

Under Rule 15(c), an amendment that changes the party against whom a claim is brought relates back to the date of the original pleading if:

> (1) the claim in the amended complaint arose out of the same transaction that formed the basis of the claim in the original complaint; (2) the party to be brought in by the amendment received notice of the action such that it will not be prejudiced in maintaining a defense to the claim; and (3) it should have known that it would have originally been named a defendant "but for a mistake concerning the identity of the proper party."

*Goodman v. PraxAir, Inc.*, 494 F.3d 458, 467 (4th Cir. 2007).  The inquiry into the relation back of an amendment concerns both the plaintiff's mistake in "failing to name a party, in

naming the wrong party, or in misnaming the party" and the prejudice to the new party. *Id.* at 471. When the party to be brought into the litigation "has been given fair notice of a claim *within the limitations period* and will suffer no improper prejudice in defending it, the liberal amendment policies of the Federal Rules favor relation-back." *Id.* (emphasis in original). Courts are instructed to "freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). Thus, in this case, because the amended complaint arises out of the same incident which gave rise to the original complaint, the question to be resolved is whether Harsco Corporation received appropriate notice of this suit and whether it would be unfairly prejudiced by being substituted as the Defendant.

As to the issue of notice, a new defendant must be deemed to have received notice of the lawsuit between the filing of the complaint and the end of the 120-day period prescribed by Rule 4(m) for service of the summons and complaint.[4] Actual or constructive notice may suffice under the circumstances, and the notice may be effectuated through either formal or informal means. *Western Contracting Corp. v. Bechtel Corp.*, 885 F.2d 1196, 1201 (4th Cir. 1989) (stating that notice "may be presumed" when "the added defendant has either a sufficient identity of interest with the original defendant or received formal or informal notice of the claim"). Indeed, the relation-back doctrine does not require a showing that the actual complaint or summons was served upon the party affected by the amendment. *See Lackawanna Transp. Co. v. Pub. Serv. Comm'n of W. Va.*, No. 5:08-cv-66, 2007 WL 5378318, at *6 (N.D. W.Va. Dec. 23, 2008). Moreover, the United States Court of Appeals for the Fourth Circuit held that a newly added corporate defendant had constructive notice of a

---

[4] The Complaint was filed on October 28, 2010 and the end of the 120-day period occurred on February 25, 2011.

6

lawsuit when it was an affiliate of the originally named defendant and both entities were represented by the same lawyers." *Goodman*, 494 F.3d at 474-475.

In this case, Defendant repeatedly acknowledges that Multiserv North America n/k/a Harsco Metal North America is an unincorporated division of Harsco Corporation. Moreover, it is counsel for Harsco Corporation who removed this case to federal court, within the 120-day period required by Rule 4(m), waived service and filed the motion to dismiss.   While Defendant argues that its filing for removal and waiver of service do not indicate that Harsco Corporation received formal notice, said filings and Harsco Corporation's connection to Multiserv North America n/k/a Harsco Metal North America do however represent that Harsco Corporation had constructive notice of Alloways' claims.[5]

Additionally, Harsco Corporation makes the general allegation in its Reply in Opposition to Plaintiff's Response (ECF No. 20) that it would be prejudiced by this Court's decision to allow Plaintiff to amend the Complaint.   However, Defendant does not indicate or explain in any way how it would be prejudiced.   Defendants only make the argument that allowing Plaintiff's to amend the Complaint at this time would "encourage Plaintiff's procrastination, lack of diligence, and hasty inadequate research."  Def.'s Reply to Pl.'s Resp. at 4, ECF No. 20.   While "[t]he mandate remains that a plaintiff has the burden of locating and suing the proper party" within the limitations period, "[t]he Federal Rules do not demand a perfect effort at the outset, but they do demand [that]. . . the new party must have received adequate notice . . .and suffer no prejudice in its defense."  *Goodman*, 494 F.3d 473.

---

[5] Defendant also argues that Rule 4(d)(2) of the Federal Rules of Civil Procedure compelled it to waive service or be penalized but that in so doing it did not waive any affirmative defenses or objections.  Def.'s Reply to Pl.'s Resp. at 6, ECF No. 20.  However, the facts of this case demonstrate that Harsco Corporation is the correct Defendant and that Plaintiff's Complaint reached that Defendant within the notice period thereby giving it constructive notice of the claims against it.

In this case, Harsco Corporation received constructive notice of Plaintiff's claims and is not unfairly prejudiced by the amendment of the Complaint.  Therefore, Defendant's Motion to Dismiss is DENIED.

<u>CONCLUSION</u>

For the reasons stated above, Defendant Multiserv North America n/k/a Harsco Metals North America's Motion to Dismiss (ECF No. 13) is DENIED.  Plaintiffs' Motion to Correct Misnomer (ECF No. 16) is GRANTED and the caption will reflect that the Defendant is HARSCO CORPORATION pursuant to Defendants' acknowledgement of that fact in the Motion to Dismiss.

A separate Order follows.

Dated:          February 1, 2012               /s/_____

                                              Richard D. Bennett
                                              United States District Judge